# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

GARY LEON WEBSTER,
ADC #114018                                                                                    PLAINTIFF

v.                                          3:18CV00248-DPM-JTK

MARTY BOYD, et al.,                                                                          DEFENDANTS

## ORDER

Plaintiff Gary Webster is a state inmate who filed a Motion to Proceed <u>In Forma Pauperis</u> in order to commence a <u>pro se</u> federal civil rights action without prepayment of the $400.00 filing fees and costs (Doc. No. 5).[1] However, his Motion will be denied because he has not included the necessary financial information in support.

According to the Prison Litigation Reform Act (PLRA), **a prisoner who is allowed to file a civil action <u>in forma pauperis</u> still must pay the full amount of the $350 filing fee.** See 28 U.S.C. § 1915(b)(1). Furthermore, before docketing the complaint or, as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. **If the case is dismissed for any of these reasons, there is no provision in the Act for a refund of any portion of the filing fee to the prisoner.**

Under the Act, in order for the Court to determine how the $350 filing fee will be paid,

---

[1] Effective May 1, 2013, the civil filing fee increased to $400, due to the implementation of a $50 administrative fee. This $50 fee does not, however, apply to plaintiffs who are granted <u>in forma pauperis</u> status.

**the prisoner is required to submit a calculation sheet <u>prepared and signed by an authorized official of the incarcerating facility</u>. This calculation sheet reflects the deposits and monthly balances in the inmate's trust account at the facility during the six-month period immediately preceding the filing of the complaint.** <u>See</u> **28 U.S.C. § 1915(a)(2).** However, the Act also provides that in no event shall a prisoner be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Proceed <u>In Forma Pauperis</u> (Doc. No. 5) is DENIED without prejudice.

2. Plaintiff shall submit either the $400 statutory filing fee or a completed <u>in forma pauperis</u> application, with the required calculation sheet **signed by an authorized official of the prison**, within thirty (30) days of the entry date of this Order.[2]

3. The Clerk shall send to Plaintiff an <u>in forma pauperis</u> application and calculation sheet.

4. The Clerk also shall forward a copy of this Order to the Business Office and Warden of the Ouachita River Unit, P.O. Box 1630, Malvern, Arkansas 72104

5. Service is not appropriate at this time.

IT IS SO ORDERED this 7th day of January, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: ". . . If any communication from the Court to a <u>pro se</u> plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding <u>pro se</u> shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." #