**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

GARY LEON WEBSTER,
ADC #114018                                                                                                       PLAINTIFF

3:18CV00248-JTK

MARTY BOYD, et al.                                                                                            DEFENDANTS

**MEMORANDUM AND ORDER**

**I.     Introduction**

Plaintiff Gary Webster is a state inmate incarcerated at the Tucker Unit of the Arkansas Department of Correction (ADC).  He filed this action pursuant to 42 U.S.C. § 1983, alleging excessive force, wrongful placement on suicide watch, deprivation of his glasses, and deliberate indifference to his medical needs, while incarcerated at the Craighead County Detention Center (Jail) in May and June 2018. Defendants Boyd and Doe were dismissed on March 29, 2019 (Doc. No. 23).

This matter is before the Court on the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by remaining Defendants Becker and Gibson (Doc. Nos. 45-47). Plaintiff filed Responses to the Motion (Doc. Nos. 48, 50), and Defendants filed a Reply (Doc. No. 52)

**II.    Facts**

In his Original and Amended Complaints (Doc. Nos.. 1, 18), Plaintiff alleged excessive force by Defendants Gibson and Becker and denial of treatment for his injuries in May and June 2018.  He also claimed he was wrongfully placed on suicide watch and that his glasses were taken from him.

1

### III.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

Defendants ask the Court to dismiss Plaintiff's complaint based on his failure to exhaust his administrative remedies prior to filing his lawsuit, as required by the Jail grievance procedure (Doc. No. 47-3), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  Defendants present the Affidavit of Keith Bowers, the Jail Administrator, who stated that while Plaintiff did file grievances during his incarceration, there is no record that he filed any grievance with respect to the claims at issue in this case. (Doc. No. 47-1) Bowers stated that inmates may grieve medical issues pursuant to the grievance procedure. (Id.)

In his Responses (Doc. Nos. 48, 50), Plaintiff states that the kiosk system of filing

2

grievances which is utilized at the Jail does not provide access to filing a medical grievance. He claims that although he submitted grievances in the past, he was not able to access a medical grievance on the kiosk. He also claims that deputies rejected his requests for paper grievance forms, thereby rendering the grievance policy unavailable to him.

In Reply, Bowers stated that inmates at the Jail file grievances, requests and medical requests on the electronic kiosk system by logging into an account, selecting the department involved, the subject of the request or grievance, and then by submitting the request or grievance. (Doc. No. 53-1, p. 1) He also stated inmates may receive paper grievances on request, but denied that Plaintiff requested a paper copy. (Id.) He stated Plaintiff had the ability to file a medical request on the kiosk by selecting "medical" as the location to send the grievance and selecting "medical" as the subject of the grievance. (Id., p. 2) Finally, Bowers stated that the Jail has not yet updated the written grievance policy to reflect use of the electronic kiosk system, but that the same policy applies to both written and electronic grievances.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette

3

v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so *properly*." Porter v. Nussle, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Porter, 548 U.S. at 90-91. However, failure to exhaust is an affirmative defense, which means defendants "bear the burden" of proving that Plaintiff failed to exhaust. Natt v. Ford, No. 1:16cv00107-JLH, 2016 WL 6693078 (E.D.AR), citing Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001)

In this case, the Jail policy required that a grievance be submitted in the form of a written statement which includes the time, date, names of Jail/staff members involved and details of the

4

incident. (Doc. No. 47-3, p. 1) According to the affidavit of Keith Bowers, although the written policy has not been updated to reflect the kiosk procedures, Plaintiff was familiar with using the kiosk and the same policy applies to both written and electronic grievances. Plaintiff, however, claims that the electronic system did not provide him access to submit a medical grievance and his multiple requests for a paper form were denied. Although Defendants deny these facts, they provide no proof to overcome their burden, such as past grievances to support their claim that Plaintiff was familiar with the system and filed grievances in the past.

The Court does note that Plaintiff's response relates only to his efforts to grieve the medical claims; therefore, the Court finds that Defendants met their burden with respect to his other claims, and that the Motion should be granted with respect to Plaintiff's excessive force, suicide watch and glasses claims.

## IV. Conclusion

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 45) is GRANTED in part, with respect to Plaintiff's excessive force, suicide watch, and glasses claims.

2. Defendants' Motion for Summary Judgment (Doc. No. 45) is DENIED with respect to his medical claims.

IT IS SO ORDERED this 29th day of August, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE